**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **CHRIS WERNER,** | )<br>) |
| Petitioner, | ) CIV 10-00207 PHX GMS (MEA)<br>) |
| v. | ) REPORT AND RECOMMENDATION<br>) |
| **CHARLES L. RYAN, TERRY GODDARD,** | )<br>) |
| Respondents. | ) |

**TO THE HONORABLE G. MURRAY SNOW:**

On or about January 28, 2010, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 10) on March 16, 2010. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations.

**I Procedural History**

On March 10, 2005, in an indictment issued by a Pinal County grand jury, Petitioner was charged with two counts of sexual abuse and four counts of sexual contact with a minor, the offenses occurring in 2002 and 2003. See Answer, Exh. A & Exh. B. On July 12, 2005, Petitioner entered into a plea agreement with the state in which the state agreed to withdraw some of the

charges against Petitioner.  The plea agreement further provided Petitioner would plead guilty to one count of attempted sexual conduct with a minor and one count of attempted child molestation, both dangerous crimes against children for sentencing purposes under a section of the Arizona Revised Statutes then enumerated as section 13-604.01.1.  See id., Exh. C.

On October 25, 2005, the state trial court sentenced Petitioner to an aggravated term of fifteen years imprisonment pursuant to his guilty plea on the charge of attempted sexual conduct with a minor.  Id., Exh. B.  Petitioner was sentenced to a consecutive term of lifetime probation on the attempted child molestation conviction.  Id., Exh. B, Exh. D, Exh. E at 2-3.

The plea agreement provided that Petitioner was waiving his right to take a direct appeal of his convictions and sentences by entering into the plea agreement.  Id., Exh. C. Accordingly, Petitioner did not take a direct appeal of his convictions and sentences.  Additionally, Petitioner did not file a timely action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  See id., Exh. B.

However, in April of 2006 the state trial court allowed Petitioner to initiate an untimely Rule 32 action.  Id., Exh. B. The state trial court appointed counsel to represent Petitioner in that action.  Petitioner's appointed counsel found no colorable claims to raise on Petitioner's behalf.  Id., Exh. B. The state trial court then granted Petitioner leave to file a *pro se* Rule 32 petition.  See id., Exh. B & Exh. D.  However,

Petitioner did not file a *pro se* petition within the time established by the state trial court. Accordingly, the Rule 32 action was dismissed by the state trial court on February 2, 2007. Id., Exh. B & Exh. D. Petitioner did not seek review of the trial court's dismissal of his Rule 32 action.

On September 10, 2008, Petitioner filed a pro se petition in the state trial court asserting he was entitled to relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. B & Exh. D. Petitioner alleged that Arizona's dangerous crimes against children statute was unconstitutionally vague because it provided insufficient legal notice that it applied to attempted, rather than completed, crimes against children. Id., Exh. B. Petitioner also argued his trial counsel's performance was unconstitutionally ineffective because counsel failed to challenge the statute during Petitioner's plea proceedings. Id., Exh. F. The state trial court appointed counsel to represent Petitioner in his second Rule 32 action. Id., Exh. B.

The state trial court dismissed Petitioner's second Rule 32 action expressly finding the action was not timely filed. The trial court further stated Petitioner had failed to raise any colorable claim for post-conviction relief. Id., Exh. G. Petitioner sought review of this decision by the Arizona Court of Appeals. In his petition for review Petitioner asserted only that the dangerous crimes against children statute provided insufficient legal notice that it applied to attempted crimes. See id., Exh. H.

-3-

The Arizona Court of Appeals granted review of the trial court's dismissal of Petitioner's Rule 32 petition, but denied relief on his claims in a memorandum decision issued on November 18, 2009. Id., Exh. D. In that decision the state appellate court agreed with the trial court that Petitioner's claim was untimely and precluded by Petitioner's failure to raise the claim in his first PCR action. The appellate court also found that, even were Petitioner's constitutional challenge to the dangerous crimes against children statute not precluded, it was otherwise meritless. Id., Exh. D.

> . . . . Although § 13-604.01 does not use the term "attempt" in defining offenses, it clearly provides that "preparatory offenses" involving sexual conduct with a child and molestation are to be considered dangerous crimes against children in the second degree, § 13-604.01(L), and punished according to the provisions of § 13-604.01(I). And, as Werner tacitly acknowledges, preparatory offenses include crimes of attempt. See A.R.S. title 13, chapter 10 (generally governing classification of preparatory offenses including attempt, A.R.S. § 13-1001 [as well as solicitation, conspiracy, and facilitation]; see also § 13-604.01(J) (providing penalties for preparatory offenses involving dangerous crimes against children "notwithstanding" provisions of title 13, chapter 10); State v. Peek, 219 Ariz. 182, ¶¶ 7, 19, 195 P.3d 641, 642, 644 (2008) (reference in § 13-604.01 to second-degree (preparatory) dangerous crimes against children is "clear language subjecting attempt offenses" to its provisions).

Id., Exh. D.

Petitioner did not seek review of the Arizona Court of Appeals' decision by the Arizona Supreme Court.

-4-

In his federal habeas action Petitioner asserts Arizona's dangerous crimes against children statute provides insufficient legal notice that it applies to attempted crimes. Petitioner also alleges he was denied his right to the effective assistance of counsel because his defense counsel had "become so indoctrinated in the push the case through attitude, he was deficient in his representation to a point that counsel's errors prejudiced defendant."

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2009). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final at the conclusion of his first action for state

post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review.").

The state trial court dismissed Petitioner's first action for state post-conviction relief on February 1, 2007. See Answer, Exh. B. Petitioner did not seek review of that decision by the Arizona Court of Appeals, although the Arizona Rules of Criminal Procedure allowed him thirty days to appeal the trial court's decision. Accordingly, the statute of limitations on Petitioner's federal habeas action began to run on or about March 4, 2007, and expired on March 5, 2008. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). Petitioner did not file his federal habeas action until January 28, 2010, more than twenty months after the statute of limitations expired.

Petitioner's second action seeking state post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez

v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

Petitioner has not filed a reply to the answer to his petition asserting that he is entitled to equitable tolling to the statute of limitations. Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Espinoza Matthews, 432 F.3d at 1026; Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Chaffer, 592 F.3d at 1049; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Werner's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,

-9-

1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 22nd day of April, 2010.

                                        */s/ Mark E. Aspey*
                                        Mark E. Aspey
                                      United States Magistrate Judge

-10-